UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MEGAN K.,

    Plaintiff,

 v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

CASE NO. 3:17-CV-06015-JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkt. 8, 9, 10.

After considering and reviewing the record, the Court concludes that the ALJ did not err in giving little weight to the medical opinions of Nurse Price, Dr. Warwick, and Dr. Liu. The ALJ gave specific and legitimate reasons for rejecting these opinions that were also based on substantial evidence. The ALJ noted that there was little objective evidence supporting the severity of plaintiff's symptoms. Although the ALJ did note some evidence of fibromyalgia,

plaintiff had a full range of motion in all joints, had full strength, no sensory deficits, and symmetrical deep tendon reflexes. Therefore, the evidence did not support a finding of total disability.

The ALJ did err in stating that Dr. Warwick had not examined plaintiff when, in fact, he had. However, the Court has determined that this error is harmless because whether or not plaintiff had been examined by Dr. Warwick does not change the conclusory nature of his opinion.

Accordingly, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, MEGAN K., was born in 1983 and was 29 years old on the alleged date of disability onset of March 20, 2012. *See* AR. 207-10, 211-20. Plaintiff graduated from high school. AR. 39. She has some work experience in retail. AR. 247-58. Plaintiff last worked as a windshield repair technician until she could no longer walk or stand for long periods of time. AR. 40.

According to the ALJ, plaintiff has at least the severe impairments of "fibromyalgia and morbid obesity (20 CFR 404.1520(c) and 416.920(c))." AR. 17.

At the time of the hearing, plaintiff was living in an apartment with her young daughter. AR. 47-48.

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. §

1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 63, 64, 87, 88. Plaintiff's requested hearing was held before Administrative Law Judge Kelly Wilson ("the ALJ") on August 22, 2016. *See* AR. 35-62. On March 31, 2017, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 12-34.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) The ALJ erred in rejecting the medical opinions of Bret Price ARNP, Robert B. Warwick, M.D., and Beth Liu, M.D.; and (2) The ALJ's errors were not harmless. *See* Dkt. 8, p. 1.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

I. **Whether the ALJ erred in rejecting the medical opinions of Bret Price ARNP, Robert B. Warwick, M.D., and Beth Liu, M.D.**

   a. *The opinion of Bret Price, ARNP*

The ALJ afforded little weight to the opinion of plaintiff's primary care provider Bret Price, ARNP. Nurse Price stated that plaintiff was unable to lift two pounds and was unable to walk or stand. AR. 27, 309-12. Nurse Price's opinion was based in part on the treatment records from rheumatologist Dr. Wang. AR. 27. The ALJ rejected Nurse Price's opinion because Nurse Price stated in his opinion that plaintiff's "diagnosis was unclear" and "she was undergoing a

rheumatology workup." AR. 27. The ALJ also rejected the opinion because Dr. Wang's treatment records showed that plaintiff had a full range of motion in all joints, had full strength, no sensory deficits, and symmetrical deep tendon reflexes. *Id.* The ALJ concluded that the record did not support the extreme limitations that Nurse Price stated in his opinion.

As a nurse practitioner, Nurse Price is considered an "other source." *See* 20 C.F.R. § 404.1513 (d); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-5. An ALJ may disregard opinion evidence provided by "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner, supra*, 613 F.3d at 1224 (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). However, "only 'acceptable medical sources' can [provide] medical opinions [and] only 'acceptable medical sources' can be considered treating sources." *See* SSR 06-03p, 2006 SSR LEXIS 5 at *3-*4 (internal citations omitted).

Nevertheless, evidence from "other medical" sources, that is, lay evidence, can demonstrate "the severity of the individual's impairment(s) and how it affects the individual's ability to function." *Id.* at *4. The Social Security Administration has recognized that with "the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources,'… have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists." *Id.* at *8. According to the Social Security Administration, opinions from other medical sources, "who are not technically deemed 'acceptable medical

sources' under our rules, are important, and should be evaluated on key issues such as impairment severity and functional effects." *Id.*

Relevant factors when determining the weight to be given to an "other medical source" include:

> How long the source has known and how frequently the source has seen the individual; How consistent the opinion is with other evidence; The degree to which the source presents relevant evidence to support an opinion; How well the source explains the opinion; Whether [or not] the source has a specialty or area of expertise related to the individuals' impairments(s), and Any other factors that tend to support or refute the opinion.

SSR 6-3p, 2006 SSR LEXIS 5 at *11. Here, the ALJ gave little weight to Nurse Price's opinion that plaintiff has severe limitations because Nurse Price qualifies his opinion by stating that plaintiff's "diagnosis is not yet clear" and that she will be limited "until her diagnosis is clear and she is stabilized on treatment." AR. 309. Nurse Price also opined that plaintiff's severe symptoms would last six months, which does not meet the twelve-month duration required by the Commissioner. *See* 42 U.S.C. §§ 423(d)(1)(A). The ALJ need only give a germane reason for rejecting the opinion of an "other" source, and therefore did not err in giving Nurse Price's opinion little weight.

Citing to *Benecke v. Barnhart,* plaintiff argues that it was improper for the ALJ to base his rejection of Nurse Price's opinion on the fact that there was little objective evidence to support the diagnosis. *Benecke v. Barnhart,* 379 F.3d 587, 594 (9th Cir. 2004). However, the ALJ did note that there was objective evidence pointing to a fibromyalgia diagnosis, and specifically noted that Dr. Wang identified multiple tender points and limited range of motion in the lumbar spine. AR. 27. In *Benecke,* the ALJ had discredited Benecke's testimony regarding her fibromyalgia symptoms because he believed her symptoms were primarily psychological. *Benecke, supra,* 379 F.3d at 593-94. Here, the ALJ does believe that plaintiff is experiencing

fibromyalgia symptoms, but that the record does not support the level of severity reported by Nurse Price. AR. 27. Therefore, the ALJ properly rejected Nurse Price's opinion.

  b. *The opinion of Robert B. Warwick, M.D.*[1]

The ALJ gave little weight to Dr. Warwick's opinion because he did not provide any objective medical findings in support of his opinion, did not examine plaintiff, and noted that plaintiff should be reevaluated in six months. AR. 27. The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citing *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)). There is a higher standard for evaluating an examining physician's opinion. The ALJ may reject an examining physician's opinion "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)(*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). However, all of the determinative findings by the ALJ must be supported by substantial evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

  Plaintiff states that Dr. Warwick did in fact examine her, where the ALJ stated that he did not. The medical records support plaintiff's statement and that she saw Dr. Warwick on at least two occasions. AR. 424, 462. Therefore, rejecting Dr. Warwick's opinion because he did not examine plaintiff is not based on substantial evidence.

  Plaintiff again argues that the ALJ cannot base his rejection of a medical opinion on the fact that there is no objective evidence. Dkt. 8, p. 3. But, again, the ALJ acknowledged the objective evidence of multiple tender points and limited range of motion, but still provided little

---

[1] The parties, including the ALJ, spell Dr. Warwick's name differently. The Court defers to the administrative record at AR. 416 for the correct spelling.

weight to Dr. Warwick's opinion because of the lack of objective evidence to support a finding of disability. AR. 27. The ALJ noted that Dr. Warwick's opinion does little more than state that plaintiff has fibromyalgia and should be reevaluated in six months. AR. 318-20. It does not appear that any examinations or tests were performed. *See* AR. 413-20. The ALJ noted that Dr. Warwick's statement that plaintiff had a fibromyalgia diagnosis at that time and should be reevaluated in six months, by itself, is insufficient to support a finding of disability. Therefore, this reason for giving little weight to Dr. Warwick's opinion is specific and legitimate and based on substantial evidence.

Plaintiff also argues that the ALJ's reasoning that plaintiff did not return to see Dr. Warwick is not specific and legitimate. Plaintiff shows from the record that, while plaintiff did not return to Dr. Warwick, she did follow up at another facility. *See* Dkt. 8, p.3; AR. 462-485. Plaintiff last saw Dr. Warwick in May, 2014 and did not follow up at the other clinic until July, 2015—over one year later. AR. 424, 462. However, Dr. Warwick's opinion does not become less conclusory regardless of when plaintiff followed up with another treatment facility.

Finally, plaintiff argues that the ALJ gave a specious reason in stating that Dr. Warwick's opinion should be rejected because Dr. Warwick stated that plaintiff should be reevaluated in six months. Dkt. 8, p.3. Plaintiff does not elaborate on why this is a specious reason. *Id.* To the contrary, a claimant must meet the duration requirement to qualify for disability benefits. *See* 42 U.S.C. §§ 423(d)(1)(A). Therefore, this reason is specific and legitimate, and based on substantial evidence.

Furthermore, any error in rejecting Dr. Warwick's opinion is harmless because crediting Dr. Warwick's opinion in full would be unlikely to change the outcome of the case. The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters

the outcome of the case." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). If the ALJ had noticed that Dr. Warwick did examine the plaintiff, and regardless of when plaintiff next sought treatment, it does not change the fact that Dr. Warwick concluded that plaintiff should be reevaluated in six months. Moreover, the record shows that Dr. Warwick himself may have been skeptical of plaintiff's claim for total disability stating that plaintiff returned to the clinic for disability paper work and "I filled them out but stipulated that she be re-evaluated in 6 months." AR. 424. Therefore, the record as a whole supports the ALJ's evaluation of Dr. Warwick's opinion.

   *c.* *The opinion of Beth Liu, M.D.*

  The ALJ assigned little weight to Dr. Liu's opinion because Dr. Liu believed that obesity, rather than fibromyalgia, was the primary cause of plaintiff's symptoms. AR. 27. Nonetheless, the ALJ stated that the limitations noted by Dr. Liu were inconsistent with other evidence in the record. *Id.* The ALJ's decision to assign little weight to Dr. Liu's opinion is based on the fact that plaintiff had not taken medications for six months prior to the examination, and that plaintiff had activities of daily living that are contradictory of her allegations of disabling symptoms. AR. 27. The ALJ also noted that Dr. Liu's opinion of plaintiff's limitations was based in part on the fact that plaintiff had fallen shortly before the examination and temporarily needed a crutch to walk. AR. 27. These are specific and legitimate reasons for the ALJ to limit the value of Dr. Liu's opinion and is supported by substantial evidence in the record.

  Plaintiff argues that the ALJ's "reliance on the absence of medication for the previous six months does not constitute substantial evidence to discount Dr. Liu's opinions." Dkt. 8, p.3. Plaintiff states that the absence of medication does not undermine Dr. Liu's opinion because Dr.

1 | Liu was aware that plaintiff had not taken medication for six months when she wrote her
2 | opinion. *Id.* However, the ALJ may "draw inferences logically flowing from the evidence."
3 | *Sample v. Schweiker,*, 694 F.2d 639, 642 (9th Cir. 1982) (citing *Beane v. Richardson*, 457 F.2d
4 | 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). Here, the inference
5 | is that plaintiff's symptoms may not have been as limiting as alleged, and the ALJ believes that
6 | the record as a whole does not support that level of impairment. AR. 26. The ALJ states that
7 | there is no evidence that plaintiff stopped medications due to side effects, because the record
8 | shows that plaintiff consistently denied side effects. AR. 26, 344, 393, 400, 403, 409.

Plaintiff asserts that there is no inconsistency between Dr. Liu's medical opinion and plaintiff's daily activities because Dr. Liu was aware of plaintiff's daily activities when she wrote her medical opinion. Dkt. 8, p.5. However, the ALJ is taking into account additional daily activities that plaintiff may not have reported to Dr. Liu. Plaintiff asserts that Dr. Liu's opinion is consistent with plaintiff's ability to shop without the use of a device, climb a few steps at a reasonable pace, prepare simple meals, feed herself, care for personal hygiene, and sort, handle and use paper and files. Dkt. 8, p.5. The ALJ details why she believes that plaintiff's daily activities contradict her claim for total disability, which includes actively caring for her four year old daughter, pets, and participating in a wide range of activities. AR. 26. Plaintiff does not challenge the ALJ's general credibility determination. *See generally* Dkt.8.

The ALJ relies on the record as a whole to determine whether plaintiff's symptoms are disabling, and whether they meet the durational requirement. If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and analyzing a claimant's testimony regarding limitations lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (citing *Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971)

(*Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (citing 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair, supra*, 885 F.2d at 603. Here, the ALJ considered the record and plaintiff's testimony and determined that she has severe impairments that produce some pain, but that she still has the residual functional capacity to perform her past relevant work. *See* AR. 28.

**II. Whether the ALJ's errors were harmless.**

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 2015 U.S. App. LEXIS 11920 at *7-*8 (9th Cir. July 10, 2015) (*citing Stout,* 454 F.3d at 1055-56).

Here, the Court has determined that the ALJ did not err in rejecting the medical opinions of Nurse Price, Dr. Warwick, and Dr. Liu. The Court does note that the ALJ erroneously stated that Dr. Warwick did not examine plaintiff, but as discussed above, this error does not change the outcome even when fully crediting Dr. Warwick's opinion.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for **DEFENDANT** and the case should be closed.

Dated this 3rd day of October, 2018.

J. Richard Creatura
United States Magistrate Judge